# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JEFF EVANS,** | ) |
| | ) CASE NO. |
| Plaintiff, | ) |
| | ) JUDGE |
| vs. | ) |
| | ) **COMPLAINT** |
| | ) |
| **MYERS CONTROLLED POWER, LLC** | ) **JURY DEMAND ENDORSED HEREON** |
| d/b/a **POWER SYSTEMS DEVELOPMENT,** | ) |
| | ) |
| Defendant. | |

## COMPLAINT

Plaintiff, Jeff Evans, brings this action against Defendant Myers Controlled Power, LLC, seeking unpaid wages, including overtime wages, and all other available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

## JURISDICTION AND VENUE

1. Named Plaintiff brings this action pursuant to 29 U.S.C. §216(b).

2. Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Stark County, Ohio.

4. Defendant is a Delaware corporation, registered to do business in Ohio. Defendant may be served through its Statutory Agent: CT Corporation System, at 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

5. Defendant's stated purposes as registered in Ohio is "[t]he manufacture, sale and distribution of electrical power products."

6. Defendant is headquartered at 219 E. Maple, Suite 100/200E, N. Canton, OH 44720.

1

# FACTUAL ALLEGATIONS

7. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r); and an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

8. At all times material to this Complaint, Defendant had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

9. Defendant's gross annual sales volume was in excess of $500,000.00 per annum at all times material hereto.

10. At all times material to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. § 203(s).

11. At all relevant times, Plaintiff was employed by Defendant as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

12. At all relevant times, Defendant benefitted from the work performed by Plaintiff.

13. At all relevant times, Defendant employed Plaintiff as an hourly non-exempt Service Technician at Defendant's North Canton, Ohio location.

14. Plaintiff had been so employed for approximately the last 11 years, with his last day worked being approximately September 20, 2018.

15. Defendant paid Service Technicians, such as Plaintiff, on an hourly basis.

16. Service Technicians, such as Plaintiff, performed non-exempt manual tasks related to Defendant's power distribution systems.

17. Plaintiff was required to report to jobsites to perform work for Defendant in various states. These jobsites were frequently located hundreds of miles away from Plaintiff's home community.

18. Plaintiff typically work at least forty (40) hours or more per workweek. Plaintiff typically worked multiple-day shifts away from his home community, requiring overnight stays in hotels during scheduled work shifts.

19. Plaintiff traveled hundreds of miles to and from jobsites.

20. Travel was by automobile or plane.

21. Travel cut across Plaintiff's normal working hours during both regular working days and nonworking days.

22. Defendant did not count time spent traveling as hours worked for purposes of determining overtime eligibility; and paid travel time only as straight time, even when such travel-hours worked exceeded 40 in a workweek. Consequently, Defendant failed to pay proper wages, including all overtime wages to Plaintiff.

23. At all material times, Defendant willfully deprived Plaintiff of proper wages, including overtime wages.

24. Defendant knew that Plaintiff was working overtime hours and hours for which he was not compensated at an overtime rate when he traveled to and from jobsites.

25. The exact amount of compensation, including overtime compensation that Defendant has failed to pay Plaintiff is unknown at this time. However, Defendant possess many of the records necessary to make precise calculations.

26. Defendant's unlawful conduct has been widespread, repeated, and consistent.

27. Defendant's conduct was willful and in bad faith and has caused significant damages to Plaintiff; and because wages remain unpaid, damages continue.

### COUNT I - FAILURE TO PAY WAGES, INCLUDING ALL OVERTIME WAGES, IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

28. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

29. The FLSA requires employers to compensate employees for certain travel time. U.S. Department of Labor regulations require payment for travel time when employees are required to travel away from their home communities. *See* 29 C.F.R. § 785.39.

30. As an employee of Defendant, Plaintiff has not been fully compensated for time spent traveling away from his home community to Defendant's jobsites at an overtime rate, even when such travel resulted in a workweek exceeding 40 hours.

31. The FLSA at 29 U.S.C. § 207 requires employers to pay employees one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

32. Defendant suffered and permitted Plaintiff to work in excess of 40 hours per workweek. The time that Plaintiff spent traveling away from his home community to Defendant's jobsites caused Plaintiff to work hours in excess of 40 hours per workweek, or constituted additional hours worked in excess of 40.

33. Defendant failed to compensate Plaintiff for the travel-time hours he worked in excess of 40 hours per workweek at an overtime rate.

34. Plaintiff does not qualify for an exemption from the FLSA's wage and overtime obligations.

35. Defendant knew that Plaintiff was not exempt from the FLSA's wage and overtime provisions.

36. Defendant knew that it was required to pay Plaintiff for all hours worked in excess of 40 in a workweek at a rate of not less than one and one-half his regular rate, including hours spent traveling away from his home community to jobsites.

37. In spite of such knowledge, Defendant willfully withheld and failed to pay the wages and overtime wages to which Plaintiff is entitled.

38. Defendant knew, or showed reckless disregard for the fact, that it failed to compensate Plaintiff proper wages, including overtime wages for all hours worked.

39. Defendant's actions, policies, and practices described herein violate the FLSA's overtime pay provisions by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate for all overtime hours worked.

40. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

41. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages. Plaintiff seeks damages in the amount of his unpaid overtime wages, liquidated damages, interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. Judgment against Defendant for failing to pay Plaintiff all overtime compensation earned;

b. Judgment that Defendant acted willfully and in bad faith in violating the FLSA;

c. Judgment against Defendant awarding an amount equal to Plaintiff's unpaid overtime wages, at the applicable overtime rate, calculated as one and one-half times the regular rate of pay, and an equal amount of liquidated damages;

d. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216;

e. An award of prejudgment interest; and

f. Such further relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Hans A. Nilges*
Hans A. Nilges
Shannon M. Draher
Robi J. Baishnab
NILGES DRAHER LLC
7266 Portage Street, NW, Suite D
Massillon, Ohio 44646
Telephone: (330) 470-4428
Fax: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com
rbaishnab@ohlaborlaw.com

*Counsel for Plaintiff*

# DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury as to all questions of fact raised by the Complaint.

*/s/ Hans A. Nilges*
Hans A. Nilges

*Counsel for Plaintiff*